IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **HECTOR HERNANDEZ and On Behalf** § | | |
| of All Others Similarly Situated, § | | |
| § | | |
| *Plaintiff*, § | | |
| § | C.A. NO. 4:08-cv-03268 | |
| v. § | | |
| § | | |
| **AUTO FIT, INC. a/k/a AUTOFIT** § | | |
| **PHOENIX d/b/a AUTO FIT TEXAS,** § | | |
| **INC., and FAKHREDIN EMADI,** § | | |
| § | | |
| *Defendants*, § | | |

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR CLASS NOTICE PURSUANT TO 29 U.S.C. § 216(b)**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants **AUTO FIT, INC. a/k/a AUTOFIT PHOENIX d/b/a AUTO FIT TEXAS, INC., and FAKHREDIN EMADI**, submits this, its Response in Opposition to Plaintiff's Motion for Class Notice Pursuant to 29 U.S.C. § 216(b) in the above-numbered case and in support thereof, would respectfully show the Court:

1.  Defendants assert Plaintiff and the proposed class are not entitled to wage and hour protection under the Fair Labor Standards Act (FLSA) by reason of the "motor carrier exemption." 29 U.S.C. § 213(b)(1). Defendants' business is a "motor private carrier" because it uses motor vehicles to transport goods to and from warehouses and to customers in interstate commerce. See Exhibit A, Affidavit of Fakhredin Emadi. Plaintiff agrees Defendants' operate as a motor private carrier. See Exhibit B, Affidavit of Hector A. Hernandez at paragraph 4.

2.  Plaintiff and the proposed class of plaintiffs are drivers whose duties directly affect "the safety operation of motor vehicles in the transportation on the public highways of passengers or property in

interstate or foreign commerce within the meaning of the Motor Carrier Act." 49 U.S.C. § 31502. "The activities of these drivers affect safety of operations of motor vehicles and come within the scope of the motor carrier exemption because their duties involve transportation of property on the public highways of ... in interstate ... commerce." 29 C.F.R. § 782.2(a); *Morris v. McComb*, 332 U.S. 422, 430, 68 S.Ct. 131, 92 L.Ed. 44 (1947) (full-time drivers are "within the definition of that class of work" that the Secretary may regulate "if the work is done in interstate commerce"); *Levinson v. Spector Motor Serv.*, 330 U.S. 649, 675-76 (1947).

3.   Actual exercise of power by Secretary of Transportation is unnecessary to qualify an employee for the motor carrier exemption. *Id.* at 678. Even a relative few interstate trips will bring an employee within the exemption. *See Morris v. McComb*, 332 U.S. 422, 68 S.Ct. 131, 92 L.Ed. 44 (1947). Therefore, Plaintiff and the proposed class are exempt from wage and hour regulation under the FLSA. Therefore, Plaintiff and the proposed class are exempt from wage and hour protection of the FLSA.

Conclusion

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request this honorable Court deny Plaintiff's Motion for Class Notice Pursuant to 29 U.S.C. § 216(b). Defendants further pray for all other relief to which they may be entitled at law and in equity.

Respectfully submitted,
THE TREVIÑO LAW FIRM

By:_____ /s/ Lu Ann Trevino _____
Lu Ann Treviño
Texas Bar No. 24008180
Federal Id. No. 26070
2950 North Loop West, Suite 500
Houston, Texas 77092
(713) 341-7550 - Telephone
(888) 896-2102 - Fax
**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of the foregoing document has been filed electronically on this 31st day of August, 2009

              ____/s/ Lu Ann Trevino_____
              Lu Ann Treviño

Melissa Ann Moore               **Via Facsimile: (713) 222-6739**
Moore & Associates
Lyric Centre
4400 Louisiana Street, Suite 710
Houston, Texas 77002
**ATTORNEY FOR PLAINTIFF**